# Illinois Official Reports

## Appellate Court

> ### *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577

| | |
|---|---|
| Appellate Court Caption | AT&T, Plaintiff, v. LYONS AND PINNER ELECTRIC COMPANY, INC., Defendant (Lyons Electric Company, Inc., and Pinner Electric Inc., Defendants and Third-Party Plaintiffs-Appellants; USIC Locating Services, Inc., Third-Party Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-13-0577 |
| Filed | March 24, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the damage done to plaintiff's underground telephone utility facilities during an excavation project, the appeal from the dismissal of defendant excavation company's third-party complaint seeking contribution from the locating service based on a contract claim was dismissed, since the trial court abused its discretion in finding that the dismissal of the excavator's contribution claim was final and appealable under Supreme Court Rule 304(a), especially when the trial court judge's comments showed that he improperly entered the Rule 304(a) finding in order to circumvent the procedure for certifying questions for interlocutory review under Rule 308 and to advance the substantive issues as to the applicability of the *Moorman* doctrine to the excavator's counterclaim to the appellate court without considering the *Geier* factors. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-L-526; the Hon. Patrick J. Leston, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Joseph P. Buell and H. Elisabeth Huber, both of Law Office of Joseph P. Buell, of Chicago, for appellants.

Carly A. Brandenburg, Megan C. Brennan, and Kirk D. Bagrowski, all of Eichhorn & Eichhorn, LLP, of Hammond, Indiana, for appellee.

Panel

PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices Schostok and Spence concurred in the judgment and opinion.

## OPINION

¶ 1    Defendants and third-party plaintiffs, Lyons Electric Company, Inc., and Pinner Electric Inc. (collectively, Lyons), were performing excavation work when they struck and damaged underground telephone utility facilities owned and operated by plaintiff, AT&T. AT&T filed a second amended complaint, which now consists of a single pending claim, that Lyons was negligent in performing its work.

¶ 2    Lyons filed an amended third-party complaint against third-party defendant, USIC Locating Services, Inc., which AT&T had hired to locate and mark the underground facilities before the excavation work began. Lyons alleged that USIC was negligent in performing its locating services for AT&T and that USIC proximately caused AT&T's property damage. In count I of the amended third-party complaint, Lyons sought contribution from USIC for the damages claimed by AT&T. In count II, Lyons sought damages for its own losses, including for downtime, resulting from USIC's alleged negligence.

¶ 3    USIC moved to dismiss the third-party complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). The trial court dismissed count I but not count II. On USIC's motion and over Lyons's objection, the court entered a written finding that the dismissal of count I was final and appealable under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). Lyons appealed to preserve the contribution claim.

¶ 4    On appeal, Lyons argues that the trial court abused its discretion in finding the dismissal of the contribution claim final and appealable under Rule 304(a). Lyons alternatively argues that the court erred in dismissing the contribution claim, because (1) AT&T has a cause of action against USIC for negligent misrepresentation and therefore USIC is subject to tort liability under section 2 of the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/2 (West 2010)), (2) the economic loss doctrine (*Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982)), which prohibits recovery in tort for purely economic losses, does not bar contribution claims, and (3) even if *Moorman* ordinarily would bar a contribution claim, the information-provider exception allows the claim in this case.

¶ 5    We dismiss the appeal for lack of jurisdiction because the trial court abused its discretion in finding the dismissal of Lyons's contribution claim final and appealable under Rule 304(a). The trial judge's comments reveal that he entered a written Rule 304(a) finding to advance the substantive issues to this court, effectively circumventing the procedure for certifying questions for interlocutory review under Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010).

¶ 6                                    I. BACKGROUND

¶ 7    On October 28, 2011, AT&T filed a two-count second amended complaint against Lyons to recover damages to its underground telephone utility facilities at or near 106 East North Avenue in Carol Stream. AT&T alleged that its facilities were damaged on May 18, 2009, during boring and excavating work performed by Lyons at that address. AT&T alleged that Lyons was negligent and had violated the Illinois Underground Utility Facilities Damage Prevention Act (the Act) (220 ILCS 50/1 *et seq.* (West 2010)) in performing its work. The trial court dismissed the statutory claim on January 11, 2012.

¶ 8    AT&T's remaining claim for negligence alleged that it caused its underground facilities to be properly and accurately marked above ground before Lyons began excavating and boring. AT&T also alleged that Lyons failed to take reasonable steps to locate the facilities before excavating and boring; and as a direct and proximate result, AT&T's underground facilities were damaged in the amount of $151,910.

¶ 9    On January 30, 2012, Lyons filed an answer to AT&T's second amended complaint, denying any wrongful conduct that proximately caused the alleged damage. On April 12, 2012, Lyons also filed an amended third-party complaint against USIC, referring to AT&T's cause of action.

¶ 10   The amended third-party complaint alleged that, if AT&T's facilities were damaged as alleged, USIC was the proximate cause of the damage. Lyons asserted, and USIC admitted, that on or before May 18, 2009, USIC entered into an agreement with AT&T, whereby USIC undertook to locate AT&T's underground facilities. Lyons alleged that USIC owed and breached a duty to exercise reasonable care and caution in the performance of its undertaking to locate AT&T's underground facilities. Specifically, Lyons alleged that (1) USIC violated section 10 of the Act (220 ILCS 50/10 (West 2010)) by failing to mark the approximate locations of the underground facilities so the person boring could locate and avoid the facilities; (2) USIC failed to locate conflicts between the underground facilities and other underground facilities; and (3) USIC failed to inform Lyons about the location of the underground facilities after receiving notice from the State-Wide One-Call Notice System that Lyons intended to engage in boring.

¶ 11   In its answer to the contribution claim in the original third-party complaint, USIC admitted that it owed a duty to exercise reasonable care in performing its services but otherwise denied the allegations of negligence. After Lyons filed the amended third-party complaint, USIC filed an answer to the negligence claim but not the contribution claim.

¶ 12   Lyons's contribution claim alleged that any judgment that AT&T might obtain against Lyons would be attributable in whole or in part to USIC's negligence. Accordingly, the contribution claim sought a judgment against USIC commensurate with USIC's percentage of fault in causing AT&T's damages.

¶ 13 On May 29, 2012, USIC moved to dismiss Lyons's amended third-party complaint under section 2-615 of the Code. As to the contribution claim, USIC argued that it could be potentially liable to AT&T in *contract* only, whereas contribution is allowed under section 2 of the Contribution Act only when two or more persons are subject to liability in *tort* for the same injury.

¶ 14 On August 23, 2012, the trial court dismissed Lyons's contribution claim without prejudice, but not the negligence claim. On December 18, 2012, the trial court denied Lyons's motion to reconsider and dismissed the contribution claim with prejudice. On USIC's motion and over Lyons's objection, the trial court entered a written finding on May 9, 2013, that the dismissal of the contribution claim with prejudice was final and appealable with no just cause for delay under Rule 304(a). Lyons's appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16 We must dismiss the appeal for lack of jurisdiction because the trial court abused its discretion in finding the dismissal of the contribution claim final and appealable under Rule 304(a). The trial judge's comments reveal that he granted USIC's motion and entered a written Rule 304(a) finding for the sole purpose of advancing the substantive issues to this court, without regard for whether there was any just reason for delay of the appeal. Invoking Rule 304(a) this way is an improper circumvention of the procedure for certifying questions for appellate review under Rule 308.

¶ 17 On December 18, 2012, the trial court dismissed Lyons's contribution claim with prejudice. The court expressed skepticism that the dismissal was final and appealable but nevertheless invited USIC to file a motion with supporting authority to justify entering a written finding under Rule 304(a). On March 14, 2013, USIC filed its motion for a Rule 304(a) finding regarding the dismissal. USIC argued that the contribution claim and the negligence claim were separate bases for recovery that would turn on different evidence. Lyons responded that a Rule 304(a) finding was inappropriate under the factors set forth in *Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 379 (1992).

¶ 18 On May 9, 2013, the trial court granted USIC's motion and entered a written finding that the dismissal of the contribution claim with prejudice was final and appealable with no just cause for delay. The judge stated his basis for entering the finding as follows:

> "Okay. I have looked at this and I have read it over a couple of times. I think it's a real close question. I am going to grant the motion, and I am going to give the [Rule] 304(a) language. *The reason I am doing that is because I think this [the application of the Moorman doctrine to Lyons's contribution claim] is a purely legal question.* Do you have the right to bring this type of action[?] And I know, counsel, from your prior arguments that different courts on this floor are ruling different ways. I think the issue should be answered. We don't need an evidentiary hearing for the Appellate Court to determine whether or not this is an appropriate cause of action, and we can get the matter decided for once and for all. That doesn't mean they are going to do this. They may disagree with me on this. And I certainly see based on the case law raised by Lyons, I certainly see where it may be the option. It's just a darn close question.

                                    * * *

And for my own selfish reasons I'd like to get the question answered, and for the selfish reasons maybe the judges on this floor. Whether or not they decide to do that I don't know, but I am going to grant the [Rule] 304(a) language." (Emphasis added.)

¶ 19 Generally, an appeal may be taken only from a final order that disposes of every claim, that is " 'any right, liability or matter raised in an action.' " *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339 (2001) (quoting *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465 (1990)). However, Rule 304(a) provides that, if multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims if the trial court has made an explicit written finding that no just reason exists for delaying either enforcement or appeal. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). Nonetheless, "Rule 304(a) does not allow for a trial court to confer appellate jurisdiction merely by using the Rule 304(a) language that 'there is no just reason for delaying enforcement or appeal.' [Citation.]" *In re Estate of Stark*, 374 Ill. App. 3d 516, 522 (2007).

¶ 20 In determining appellate jurisdiction, Illinois courts have looked to federal case law regarding Rule 54(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 54(b)), which is substantially similar to Rule 304(a). *Estate of Stark*, 374 Ill. App. 3d at 522 (citing *Geier*, 226 Ill. App. 3d at 378 (Rule 304(a)'s policy and language are patterned after Rule 54(b))). Courts use the following two-part test for determining appellate jurisdiction under Rule 54(b) or Rule 304(a): (1) whether the order is "final" and (2) whether there is any just reason for delaying the appeal. *Estate of Stark*, 374 Ill. App. 3d at 522-23; *Geier*, 226 Ill. App. 3d at 379.

¶ 21 "For a judgment to be 'final,' it must provide for the ultimate disposition of an individual claim entered in the course of an action involving multiple claims." *Estate of Stark*, 374 Ill. App. 3d at 523; see *Geier*, 226 Ill. App. 3d at 379. The parties do not dispute the finality of the trial court's dismissal of the contribution claim with prejudice.

¶ 22 In determining whether there is any just reason for delaying the appeal, a court must consider the following factors: " '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made [appealable]; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.' " *Geier*, 226 Ill. App. 3d at 383 (quoting *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). Depending on the particular facts of the case, some or all of these factors may come into play. *Geier*, 226 Ill. App. 3d at 383.

¶ 23 The *Geier* court noted the United States Supreme Court's decisions, which emphasize a pragmatic approach by using a severability analysis. "Where the dismissed claims 'can be decided independently of each other,' that is, they are not 'so inherently inseparable from, or closely related to' the remaining claims, then the trial court does not abuse its discretion in certifying that there exists no just reason for delay of the appeal." *Geier*, 226 Ill. App. 3d at 385 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). However, significant factual overlap between the decided and the retained claims means that they are not separate, and an appeal must be deferred until the latter are resolved. *Lozman v. Putnam*, 328 Ill. App. 3d 761, 771 (2002).

¶ 24 The trial court's decision to grant Rule 304(a) relief as entered here is reviewed under an abuse-of-discretion standard. *Lozman*, 328 Ill. App. 3d at 771. "An abuse of discretion occurs where the trial court's decision is arbitrary, fanciful, or unreasonable [citation] or where no reasonable person would agree with the view adopted by the trial court." *People v. Becker*, 239 Ill. 2d 215, 234 (2010). " '[T]he proper role of the Court of Appeals is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record.' " *Geier*, 226 Ill. App. 3d at 382 (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)).

¶ 25 Here, the trial judge's comments at the hearing on USIC's motion indicate that he did not consider any of the factors relevant to whether there was any just reason for delay of the appeal. Instead, the judge stated, "[t]he reason I am [entering a written Rule 304(a) finding] is because I think this [the application of the *Moorman* doctrine to Lyons's contribution claim] is a purely legal question. Do you have the right to bring this type of action[?]" Affirming the entry of the written Rule 304(a) finding in this case would require this court to consider the *Geier* factors in the first instance. Such an approach is undesirable because " '[t]he question in cases such as this is likely to be close, but the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case.' " *Geier*, 226 Ill. App. 3d at 382 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 12).

¶ 26 The trial judge lamented the closeness of the underlying *Moorman* question, concluding that the "purely legal issue" should be appealed so this court can "get the matter decided once and for all" to provide guidance to lower court judges. The inclination to solicit appellate guidance on thorny legal issues is understandable, but it is not a legitimate basis for entering a Rule 304(a) finding without considering the factors set forth in *Geier*. We conclude that the trial judge abused his discretion in entering the Rule 304(a) finding, and therefore the appeal is not properly before this court.

¶ 27 We recognize that the appellant bears the burden on appeal to show that the trial court abused its discretion (*Boren v. The BOC Group, Inc.*, 385 Ill. App. 3d 248, 254 (2008)) and that a trial court need not articulate its consideration of the *Geier* factors when determining under Rule 304(a) that there is no just reason for delaying an appeal. That said, Lyons met its burden of showing an abuse of discretion in this case, where the trial judge made his flawed rationale explicit.

¶ 28 USIC argues that "the trial court's expression of interest in the appellate resolution of this point of law in no way undermines his reasoned approach to weighing the factors relevant to determining whether there is any just reason for delay." We disagree. Without any indication of a consideration of the *Geier* factors, the trial judge stated, "[t]he reason I am [entering a written Rule 304(a) finding] is because I think [the application of the *Moorman* doctrine to Lyons's contribution claim] is a purely legal question." The judge's comments reveal that he actually was invoking Rule 308 rather than Rule 304(a).

¶ 29 Rule 308 provides an exception to the rule that the appellate court has jurisdiction to review only final judgments entered in the trial court. Rule 308 allows the permissive appeal of an interlocutory order certified by the trial court as involving a question of law as to which "there is substantial ground for difference of opinion" and where "an immediate appeal *** may materially advance the ultimate termination of the litigation." Ill. S. Ct. R. 308 (eff. Feb. 26, 2010); see *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17.

¶ 30 To obtain appellate review under Rule 308, a party must file an application for leave to appeal with the clerk of the appellate court within 14 days after the entry of the order in the trial court or the making of the prescribed statement by the trial court, whichever is later. Ill. S. Ct. R. 308(b) (eff. Feb. 26, 2010). The application shall contain a statement of the facts necessary to an understanding of the question of law determined by the order of the trial court; a statement of the question itself; and a statement of the reasons why a substantial basis exists for a difference of opinion on the question and why an immediate appeal may materially advance the termination of the litigation. Ill. S. Ct. R. 308(c) (eff. Feb. 26, 2010). The application shall be accompanied by an original supporting record (Ill. S. Ct. R. 328 (eff. Feb. 1, 1994)), containing the order appealed from and other parts of the trial court record necessary for the determination of the application. Within 14 days after the due date of the application, an adverse party may file an answer in opposition, together with an original of a supplementary supporting record containing any additional parts of the record the adverse party desires to have considered by the appellate court. The application and the answer shall be submitted without oral argument unless otherwise ordered. Ill. S. Ct. R. 308(b) (eff. Feb. 26, 2010).

¶ 31 Rule 308 is not intended to be a mechanism for expedited review of an order that merely applies the law to the facts of a particular case. *Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17. Nor does it permit us to review the propriety of the order entered by the trial court. *Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17. Rather, we are limited to answering the specific question certified by the trial court. *Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9.

¶ 32 In this case, none of the procedures for certifying a question under Rule 308 were followed. Instead, USIC and the trial judge relied on Rule 304(a) to improperly circumvent Rule 308's procedural requirements for expedited appellate review, without regard for whether Rule 304(a) should apply. We express no opinion as to whether a certified question properly presented under Rule 308 would be appropriate in this case, and we express no opinion as to whether the *Geier* factors weigh in favor of an immediate appeal under Rule 304(a).

¶ 33 Our dismissal of the appeal for an abuse of discretion in applying Rule 304(a) obviates the need to address the parties' remaining arguments.

¶ 34 III. CONCLUSION

¶ 35 For the reasons stated, we dismiss the appeal for lack of jurisdiction because the trial court abused its discretion in entering the written finding that the dismissal of the contribution claim was final and appealable under Rule 304(a).

¶ 36 Appeal dismissed.