2022 IL App (1st) 211509-U

FIFTH DIVISION
SEPTEMBER 30, 2022

No. 1-21-1509

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DENNIS TOEPPEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CH 1676 |
| | ) | |
| LAURELL RICHEY, | ) | Honorable |
| | ) | Caroline K. Moreland, |
| Defendant- Appellant, | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order, denying the defendant's motion to reconsider its grant of summary judgment in favor of the plaintiff as to count I of the complaint, was not final and appealable despite its inclusion of 304(a) language.

¶ 2    On February 7, 2018, the plaintiff-appellee, Dennis Toeppen, filed a civil complaint in the circuit court of Cook County against the defendant-appellant, Laurell Richey. On January 30, 2020, Mr. Toeppen filed his third amended complaint, which sought a declaratory judgment as to when Ms. Richey became the successor trustee of their mother's trust and seeking damages for her alleged conduct prior to her appointment as successor trustee. On February 25, 2020, Mr. Toeppen filed a motion for partial summary judgment as to counts I and III of the 10-count complaint. On

July 8, 2021, the trial court entered an order on the partial summary judgment motion in Mr. Toeppen's favor. Ms. Richey filed a motion to reconsider, and on October 22, 2021, the court entered an order denying Ms. Richey's motion. On November 19, 2021, Ms. Richey filed her notice of appeal. On appeal, Ms. Richey argues that the circuit court erred by granting summary judgment on count I, in favor of Mr. Toeppen. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4      Mr. Toeppen and Ms. Richey are the only children of Rachel Toeppen. On February 7, 2018, Mr. Toeppen filed a civil complaint in replevin against his sister, Ms. Richey. On January 30, 2020, he filed a third amended complaint with 10 counts. In the complaint, he alleged that in 1992, Ms. Toeppen executed a declaration of trust, which created a living trust, whereby she would serve as trustee until her death. Mr. Toeppen contends that, in 2016, Ms. Richey encouraged their mother, Ms. Toeppen, to move to Colorado where Ms. Richey had lived for years. In 2017, Ms. Toeppen restated the trust, which contained most of the terms of the 1992 trust, except the restated trust transferred all of her property into the trust and also made Ms. Richey the successor trustee upon Ms. Toeppen's death or incapacitation. In Mr. Toeppen's third amended complaint, he further alleged that, in 2017, prior to Ms. Toeppen's death and without legal authority, Ms. Richey started to make decisions on Ms. Toeppen's behalf which affected the trust's assets and committed waste of the trust's assets. In his amended complaint, Mr. Toeppen alleges that Ms. Richey did not become the trustee until Ms. Toeppen's death. He asserts various causes of action and damages against her for her conduct regarding the estate during Ms. Toeppen's life. In particular, count I of the complaint requested that the court make a declaratory judgment that Ms. Richey did not become trustee of the estate until Ms. Toeppen's death. Count III requested a declaratory judgment

that a 2015 hand-written document by Ms. Richey, seeking to limit her liability, was not enforceable. Count III also sought to have Ms. Richey cease using trust funds and assets to pay for her defense of Mr. Toeppen's legal action against her.

¶ 5　On February 25, 2020, Mr. Toeppen filed a motion for partial summary judgment on count I, which is the only issue raised on appeal, and count III of the third amended complaint. On July 8, 2021, the trial court granted partial summary judgment in favor of Mr. Toeppen on both counts. Ms. Richey filed a motion to reconsider the court's summary judgment order and requested, alternatively, that if the court denied her motion, Illinois Supreme Court Rule 304(a) language should be added to the order, so that she could file an appeal while the other counts remained pending before the trial court. On October 22, 2021, the trial court denied Ms. Richey's motion to reconsider and added Rule 304(a) language, finding that its order was final and appealable and there was no just cause for delaying appeal. On November 19, 2021, Ms. Richey filed her notice of appeal. On appeal, Ms. Richey only challenges the partial summary judgment finding as to count I, and Mr. Toeppen did not file an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 6　　　　　　　　　　　　　　ANALYSIS

¶ 7　We *sua sponte* raise the question of whether this court has jurisdiction to consider Ms. Richey's appeal. "[C]ourts of review have an independent duty to consider jurisdiction." *People v. Lewis*, 234 Ill. 2d 32, 36 (2009). Jurisdiction grants a court of review the power to interpret and apply the law. *In re M.W.*, 232 Ill. 2d 408, 414 (2009).

¶ 8　Ms. Richey's notice of appeal was filed pursuant to Illinois Supreme Court Rule 306 (eff. Nov. 1, 2017). In the jurisdictional statement of her brief, she claims this court has jurisdiction to

consider this appeal pursuant to Rules 306(a)(5) and 304(a) (eff. Mar. 8, 2016). We will address each purported ground of jurisdiction in turn.

¶ 9    Rule 306(a)(5) states that a party may petition this court for leave to appeal from "interlocutory orders affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors or the relocation (formerly known as removal) of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules." The matter before us does not involve the care and custody of a minor, allocation of parental responsibilities, nor any other provision noted in Rule 306; thus, Rule 306 does not grant this court jurisdiction. See Ill. S. Ct. R. 306 (eff. Mar. 8, 2016). Moreover, Rule 306 requires an appellant to file a petition for leave to appeal, and no such petition was filed in this court within 14 days of the October 22, 2021, order of the trial court as required by Rule 306(b)(1). Therefore, we do not have jurisdiction under Rule 306. Next, we examine whether we have jurisdiction under Rule 304(a).

¶ 10    Final orders of the trial court are appealable as a matter of right. "An order or judgment is considered to be final and appealable for purposes of this rule if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23. Rule 304(a) states that "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an *express* written finding that there is no just reason for delaying either enforcement or appeal or both." In this case, the trial court in its October 22, 2021, order, responding to a motion to reconsider, made a written finding that the order as to count I was final and appealable and there was no just cause for delaying the appeal.

¶ 11    However, the inclusion of 304(a) language alone does not make an order *final and appealable*, nor ripe for an interlocutory appeal. *Blumenthal*, 2016 IL 118781, ¶ 24. The special

finding contemplated in Rule 304(a) makes a final order appealable, "but it can have no effect on a nonfinal order." *Blumenthal*, 2016 IL 118781, ¶ 24. If an order is not in fact final, the inclusion of Rule 304(a) in the trial court's order cannot confer jurisdiction to the appellate court. *Blumenthal*, 2016 IL 118781, ¶ 24. "[W]here an order disposes only of certain issues relating to the same basic claim," it is not a final and appealable order despite its inclusion of 304(a) language. *Blumenthal*, 2016 IL 118781, ¶ 27. A trial court's inclusion of Rule 304(a) language to an order is reviewed under the abuse of discretion standard, and a court abuses its discretion when its decision is arbitrary or no reasonable person would have taken the same view. *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 21. When considering whether the appealed issue is separate from other pending issues for purposes of entering a finding that the judgment is final and appealable, a trial court may consider whether the nature of the adjudicated claim or claims is such that it would not require the appellate court to have to decide the same issues more than once. *American Advisors Group*, 2022 IL App (1st) 210734, ¶ 11.

¶ 12     In the case before us, the issue was whether Ms. Richey became trustee *after* Ms. Toeppen's death or *prior* to her death. The unadjudicated claims concern Ms. Richey's alleged misuse of the trust funds and assets prior to the death. Allegedly, she was not the trustee prior to Ms. Toeppen's death, and as such did not have lawful authority to act on behalf of the trust. On appeal, Ms. Richey asks this court to find that the trial court erred in finding that she did not become the trustee until after Ms. Toeppen's death. Ms. Richey's argument before the trial court is that she was made trustee prior to Ms. Toeppen's death and, accordingly, her alleged actions, upon which the complaint is based, were lawful and for the betterment of the trust. As such, determining when Ms. Richey became a trustee is *part of the same basic claim* as the rest of the matters currently before the trial court. If this court were to consider that issue, it could render moot, any decisions or

actions made by the trial court since the filing of the notice of appeal. Moreover, if the trial court was to find that there was no misuse of trust assets and/or no damages, any ruling made by this court would be of no consequence. Thus, the trial court's order was not final and appealable. Accordingly, the trial court erred by including 304(a) language into its order. Therefore, we do not have jurisdiction to hear this appeal and dismiss this appeal for lack of jurisdiction.

¶ 13                                                CONCLUSION

¶ 14     For the foregoing reasons, we dismiss the appeal for lack of jurisdiction because the trial court erred by finding that its October 22, 2021, order was final and appealable as to Count I of the complaint while the remainder of the complaint remained pending.

¶ 15     Appeal dismissed.