NOTICE

Decision filed 01/09/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240307-U

NO. 5-24-0307

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ZILLOW, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Moultrie County. |
| | ) | |
| v. | ) | No. 21-MR-37 |
| | ) | |
| MOULTRIE COUNTY and MOULTRIE COUNTY | ) | |
| ASSESSMENT OFFICE, | ) | Honorable |
| | ) | Dana Rhoades, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court abused its discretion in finding that there was no just reason to delay an appeal under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and the appeal is dismissed for lack of jurisdiction.

¶ 2     The defendants, Moultrie County and Moultrie County Assessment Office, filed this appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). On appeal, the defendants challenge the trial court's order directing them to produce certain public records that they failed to provide in response to a request made by the plaintiff, Zillow, Inc., under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)), and its decision to award statutory attorney fees to the plaintiff in an amount to be determined. For the reasons that follow, the appeal is dismissed.

1

¶ 3                                    I. BACKGROUND

¶ 4      On October 14, 2021, the plaintiff, Zillow, Inc., filed a complaint in the circuit court of Moultrie County, alleging the defendants violated the FOIA in that they failed to provide a complete copy of the county's 2020 assessment files in compliance with the plaintiff's record requests. In the prayer for relief, the plaintiff sought an order (a) finding that the defendants failed to comply with the FOIA by denying its request for records, (b) compelling production of the requested records, (c) enjoining the defendants from charging a fee beyond the statutory cap provided in section 6(a) of the FOIA (5 ILCS 140/6(a) (West 2020)), and (d) awarding attorney fees, costs, and civil penalties pursuant to section 11 of the FOIA (5 ILCS 140/11 (West 2020)).

¶ 5      Vanguard Appraisals, Inc., an entity that contracted with the defendants to publish Moultrie County's assessment and appraisal data on the internet, filed a petition to intervene in the case to protect its proprietary interests in software from being disclosed. The trial court granted the petition and permitted Vanguard Appraisals to intervene in the proceedings.

¶ 6      The parties participated in a two-day bench trial that began on June 27, 2023. At the close of the evidence, the trial court permitted the parties to file written closing statements and took the matter under advisement. In an order entered October 19, 2023, the trial court found that the requested records were public records as defined in the FOIA, that the defendants did not produce all requested records, that the defendants did not cite any exemption that would have excepted the requested records from disclosure under the FOIA, and that the plaintiff proved the merits of its claim. The court enjoined the defendants from withholding the requested records and ordered them to produce those records pursuant to section 11(d) of the FOIA (5 ILCS 140/11(d) (West 2020)). The court also awarded reasonable attorney fees to the plaintiff pursuant to section 11(i) of the FOIA (5 ILCS 140/11(i) (West 2020)). The court deferred a decision on the amount of the fee

award and granted the plaintiff leave to supplement its previously filed petition for fees within 30 days of the order. The court also withheld a decision on the plaintiff's request for civil penalties under section 11(j) of the FOIA (5 ILCS 140/11(j) (West 2020)). The defendants were granted leave to submit, within 30 days of the court's order, verified information regarding whether the defendants had been assessed penalties for prior FOIA violations and relevant information related to Moultrie County's overall budget. In its order, the court also denied the relief requested by Vanguard Appraisals. The court found that Vanguard Appraisals failed to establish that the requested records included proprietary information that was exempt from disclosure under the FOIA.

¶ 7     On November 17, 2023, the plaintiff filed a supplemental petition for attorney fees. Therein, the plaintiff requested an award of $48,324.42 in attorney fees and costs, and a civil penalty of $5,000 for the defendants' willful noncompliance with the FOIA. The plaintiff attached a report that itemized the hourly rates, the hours worked, and the work performed by its attorneys, and affidavits from its two experts on the matter of reasonable attorney fees in support of the supplemental petition. The defendants did not file a response or objection to the plaintiff's supplemental petition.

¶ 8     On November 28, 2023, the defendants filed a response to the order entered on October 19, 2023. Therein, the defendants argued that information regarding the Moultrie County budget and whether Moultrie County had been assessed penalties for prior FOIA violations should have been presented by the plaintiff during trial. The defendants declined to provide the information requested in the October 19, 2023, order and they asked the trial court to enter a final and appealable order.

3

¶ 9     The trial court held status conferences on January 3, 2024, and January 26, 2024. Docket entries from those dates indicate that the parties discussed an appeal of the order entered October 19, 2023, but there are no transcripts or bystanders' reports recounting those discussions in the record on appeal. The docket entry, dated January 26, 2024, contained the following notation:

"Discussion with the court and counsel regarding the need for a Supreme Court Rule 304(a) finding. On court's motion, pursuant to Supreme Court Rule 304(a) this court finds that there is no just reason for delaying either enforcement or appeal or both, of this court's order entered in the Written Memorandum Order dated October 19, 2023."

On February 26, 2024, the defendants filed their notice of appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).[1]

¶ 10                              II. ANALYSIS

¶ 11    Before considering the merits of an appeal, the appellate court has an independent duty to assess its jurisdiction and to dismiss the appeal if jurisdiction is lacking. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009); *People v. Smith*, 228 Ill. 2d 95, 106 (2008). Generally, the appellate court's jurisdiction is limited to a review of final judgments, absent a statutory exception or a supreme court rule. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). This appeal was filed pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Rule 304(a) provides, in pertinent part,

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

---

[1]Vanguard Appraisals did not file an entry of appearance or otherwise participate in this appeal.

4

¶ 12    By its terms, Rule 304(a) applies only to final judgments or final orders. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24. If an order is not final, the inclusion of a Rule 304(a) finding cannot confer appellate jurisdiction.[2] *Blumenthal*, 2016 IL 118781, ¶ 24; *In re Estate of Stark*, 374 Ill. App. 3d 516, 522 (2007). The rule was intended "to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on fewer than all of the matters in controversy." (Internal quotation marks omitted.) *Blumenthal*, 2016 IL 118781, ¶ 23; *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990).

¶ 13    In determining whether appellate jurisdiction lies under Rule 304(a), Illinois courts consider (a) whether the order at issue is final, and (b) whether there is any just reason to delay an appeal of that order. *Estate of Stark*, 374 Ill. App. 3d at 522-23. An order is considered final and appealable for purposes of Rule 304(a) if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate and definite part thereof. *Blumenthal*, 2016 IL 118781, ¶ 24; *Davis v. Loftus*, 334 Ill. App. 3d 761, 766 (2002). Generally, when an order only disposes of certain issues relating to the same basic claim, the order is not subject to review under Rule 304(a). See, *e.g.*, *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 11; *Estate of Stark*, 374 Ill. App. 3d at 522-23.

¶ 14    In assessing whether there is any just reason for delaying the appeal, the trial court may consider the following factors:

"(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial]

---

[2]The Committee Comments to Rule 304(a) advise that "it is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable." Ill. S. Ct. R. 304(a), Committee Comments (rev. Sept. 1988).

court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made [appealable]; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." (Internal quotation marks omitted.) *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 22. Not every factor is relevant in every case. *Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 22. The trial court's decision to grant a finding under Rule 304(a) is reviewed for an abuse of discretion. See *American Advisors Group*, 2022 IL App (1st) 210734, ¶ 10; *Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 24.

¶ 15    In this case, neither party raised the issue of appellate jurisdiction in their respective briefs. After reviewing the record, we determined that a potential question existed regarding our jurisdiction under Rule 304(a). Following oral arguments, we granted both parties leave to brief that issue. In a supplemental brief, the plaintiff acknowledged that the October 19, 2023, order was not final when entered because the order disposed of the plaintiff's underlying FOIA claim but left open questions regarding the amount to be awarded in attorney fees as well as the propriety of a civil penalty. The plaintiff argued that the order became appealable when the trial court made a Rule 304(a) finding. The plaintiff did not address the propriety of the trial court's finding that there was no just reason to delay enforcement or appeal or both. The defendants did not file a supplemental brief. We note, however, that the following appears in the jurisdictional statement in the defendants' brief: "This appeal is from *the October 19, 2023, non-final order* of the Circuit Court of Moultrie Country adjudicating the trial." (Emphasis added.) The defendants went on to state that the circuit court granted leave to appeal pursuant to Rule 304(a), and then, in conclusory

6

fashion, stated that this court had jurisdiction pursuant to Rule 304(a). Contrary to the parties'  suggestions, the trial court's Rule 304(a) finding did not confer appellate jurisdiction unless the October 19, 2023, order was a final order that disposed of a separate or definitive part of the controversy between them, and there was no just reason to delay an appeal of that order. Here, however, we need not determine whether the order was final. After reviewing the record, we have determined that there are just reasons for delaying the appeal, and that therefore, the trial court abused its discretion in entering a Rule 304(a) finding.

¶ 16    The record reveals that the trial court's October 19, 2023, order disposed of only a portion of the relief requested under section 11 of the FOIA. The trial court determined that the defendants' failure to produce certain assessment records was a FOIA violation, and the court directed the defendants to provide those records to the plaintiff. The court also determined that the plaintiff would be awarded attorney fees as mandated by the statute. The court deferred decisions on the amount of the attorney fees to be awarded and the propriety of a civil penalty and granted the parties 30 days to submit additional information on those matters. Based upon the record, it appears that the trial court contemplated an expedited resolution on the remaining remedies, and then, for reasons that are not included in the record, made a Rule 304(a) on its own motion. An expedited resolution of the remaining remedies would have been in keeping with section 11(h) of the FOIA, which provides, "Except as to causes the court considers to be of greater importance, proceedings arising under this Section shall take precedence on the docket over all other causes and be assigned for hearing and trial at the earliest practicable date and expedited in every way." 5 ILCS 140/11(h) (West 2020). Additionally, it is relatively clear that there is an overlapping relationship between the remedies granted and the remedies reserved for decision, and that those remedies share common issues of fact and law. Thus, there is a possibility of a second appeal in which this court

7

would be required to review the same set of operative facts as those present herein. Moreover, addressing the merits of an appeal from the October 19, 2023, order might require this court to address factual matters that are still at issue in the trial court regarding the propriety of civil penalties and the amount of the attorney fees to be awarded. Consequently, we find that appellate review of the October 19, 2023, order would be premature and that it would further delay a decision on the remaining remedies, waste judicial resources, and create additional expenses for the parties.

¶ 17                              III. CONCLUSION

¶ 18    Rule 304(a) does not allow a trial court to confer appellate jurisdiction by simply employing the Rule 304(a) language that there is no just reason to delay enforcement or appeal. After reviewing the record, we conclude that the trial court abused its discretion in finding that there was no just reason to delay the appeal of the order entered on October 19, 2023. Accordingly, the appeal is dismissed for lack of proper appellate jurisdiction under Rule 304(a).

¶ 19    Appeal dismissed.