2026 IL App (1st) 240484-U

FOURTH DIVISION
Order Filed: March 19, 2026

No. 1-24-0484

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| PAYA GROUP INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 20 CH 06125 |
| JAMES SHORTS, A-Z BUILDERS, INC. | ) | |
| and LEANDRE BURNETT | ) | |
| Defendants | ) | |
| | ) | |
| (A-Z BUILDERS, INC., | ) | Honorable |
| | ) | Cecilia A. Horan, |
| Defendant-Appellee). | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

ORDER

¶ 1   *Held*: The circuit court's order, quieting title in the defendant, was not a final appealable order despite its inclusion of Rule 304(a) language.

¶ 2   On October 10, 2020, plaintiff-appellant, Paya Group Incorporated (Paya Group), filed a complaint against defendants-appellees, James Shorts, A-Z Builders Incorporated (A-Z Builders), and Leandre Burnett, to quiet title. They alleged that Mr. Shorts fraudulently conveyed title to A-

Z Builders after he had already conveyed it to Paya Group. A-Z Builders filed a motion for partial summary judgment, which the trial court granted, quieting title in A-Z Builders. On February 1, 2024, the circuit court denied Paya Group's motion to reconsider and included an Illinois Supreme Court Rule 304(a) finding that the order was final and appealable. On appeal, Paya Group argues the circuit court erred by: (1) quieting title in A-Z Builders because A-Z did not have possession of the property and (2) including Rule 304(a) language in its order quieting title of the property on behalf of A-Z Builders. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

¶ 3                                      BACKGROUND

¶ 4      On or about April 14, 2020, A-Z Builders entered into a contract with Mr. Shorts to purchase the property in question located at 1249 North Mason Avenue Chicago, Illinois for $83,000. On April 27, 2020, A-Z Builders acquired the title via a quit claim deed, which was recorded in the Cook County Recorder of Deeds Office on May 12, 2020. At the time of the conveyance, Mr. Shorts was the owner of record. On September 11, 2020, Paya Group recorded a deed from Mr. Shorts, which was dated March 31, 2020.

¶ 5      On October 10, 2020, Paya Group filed a complaint against Mr. Shorts, A-Z Builders, and Burnett to quiet title. The complaint alleged Burnett introduced Mr. Shorts to Paya Group for the purpose of purchasing a property, and the sale was completed on March 31, 2020, via a warranty deed. Paya Group stated that, without its knowledge, consent, or compensation, Mr. Shorts issued a deed to A-Z Builders. On April 12, 2021, A-Z Builders filed its answer claiming that it was a *bona fide* purchaser and filed a counterclaim to quiet title. On November 17, 2021, during the pendency of the proceedings, A-Z builders conveyed their interest in the property via deed to John Wazydrag. On August 22, 2022, A-Z Builders filed a motion for partial summary judgment to

quiet title. On January 12, 2023, Paya Group filed a response to the motion for partial summary judgment. In its response, it argued A-Z Builders could not seek to quiet title because it no longer held the title to the property and that there was no evidence that A-Z Builders lacked notice of Paya Group's deed at the time of purchase.

¶ 6    On May 22, 2023, Paya Group filed a motion for summary judgment arguing that the trial court should quiet title in its favor because A-Z Builders no longer owns title to the property and is not a real party in interest. On July 13, 2023, A-Z Builders filed its response to the motion for summary judgment, arguing that it was a *bona fide* purchaser and it has standing to bring its own quiet title action. On August 18, 2023, the trial court issued an order finding that Paya Group had no interest in the property and quieted title in favor of A-Z Builders. On September 19, 2023, Paya Group filed a motion to reconsider, stating the trial court misapplied the law since title and possession are not the same and A-Z Builders had to prove both. On October 5, 2023, A-Z Builders filed its response to the motion, reciting its argument to the motion for summary judgment. On February 1, 2024, the court denied Paya Group's motion to reconsider and made an Illinois Supreme Court Rule 304(a) finding. Paya Group objected to the inclusion of the Rule 304(a) language in a formal motion but that was denied on February 29, 2024. On March 5, 2024, Paya Group filed its notice of appeal.

¶ 7                                          ANALYSIS

¶ 8    Paya Group argues that the trial court erred by including Illinois Supreme Court Rule 304(a) language, stating the matter was final and appealable.

¶ 9    Final orders are appealable as a matter of right. *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 10. "A judgment or order is 'final' if it disposes of the rights of the

parties, either on the entire case or on some definite or separate part of the controversy." *Fabian v. BGC Holding, LP*, 2014 IL App (1st) 141576, ¶ 12. Rule 304(a) states that "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 10　However, the inclusion of 304(a) language alone does not make an order *final and appealable*, nor ripe for an interlocutory appeal. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24. The special finding contemplated in Rule 304(a) makes a final order appealable, "but it can have no effect on a nonfinal order." *Blumenthal*, 2016 IL 118781, ¶ 24. If an order is not in fact final, the inclusion of Rule 304(a) in the trial court's order cannot confer jurisdiction to the appellate court. *Blumenthal*, 2016 IL 118781, ¶ 24. "[W]here an order disposes only of certain issues relating to the same basic claim," it is not a final and appealable order despite its inclusion of 304(a) language. *Blumenthal*, 2016 IL 118781, ¶ 27.

¶ 11　"When an order disposes of only certain issues relating to the same basic claim, the order is not subject to review under Rule 304(a)." *American Advisors Group*, 2022 IL App (1st) 210734, ¶ 11. When considering whether there is any just reason for delay of the appeal, the trial court may consider:

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought

to be made [appealable]; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." (Internal quotation marks omitted.) *Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 22.

¶ 12 A circuit court's decision to grant Rule 304(a) language is reviewed for an abuse of discretion, and an abuse of discretion occurs when the court's decision is arbitrary or no reasonable person would take the same view. *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 10. "For a judgment to be 'final,' it must provide for the ultimate disposition of an individual claim entered in the course of an action involving multiple claims." *In re Estate of Stark*, 374 Ill. App. 3d 516, 523 (2007).

¶ 13 In this case, Paya Group brought a claim against the defendants based on Mr. Shorts allegedly conveying the same property to Paya Group and then to A-Z Builders. After the trial court quieted title in favor of A-Z Builders, its focus became the remaining issues on the pleadings which would have involved whether Mr. Shorts improperly conveyed the property to A-Z Builders. That issue and any potential remedy is inextricably tied to whether A-Z Builders was conveyed the property legally. If this court were to determine that the trial court erred by quieting title in A-Z Builders as opposed to Paya Group, the trial court's review of the remaining claims and remedies available would change. As a result, the trial court's order quieting title was not an appealable final order despite its inclusion of Illinois Supreme Court Rule 304(a) language. Accordingly, we lack jurisdiction to consider this appeal and dismiss for lack of jurisdiction.

¶ 14 CONCLUSION

¶ 15    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction because the appeal from order was not final.

¶ 16    Appeal dismissed.