2022 IL App (1st) 210734

THIRD DIVISION
March 2, 2022

No. 1-21-0734

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | |
|---|---|
| AMERICAN ADVISORS GROUP, )<br><br>    Plaintiff-Appellant, )<br><br>        v. )<br><br>UNKNOWN HEIRS AND DEVISEES OF WALKER WILLIAMS SR., )<br>Deceased; UNKNOWN CLAIMANTS AND LIENHOLDERS )<br>AGAINST THE ESTATE OF WALKER WILLIAMS SR., Deceased; )<br>UNKNOWN CLAIMANTS AND LIENHOLDERS AGAINST THE )<br>UNKNOWN HEIRS AND DEVISEES OF WALKER WILLIAMS SR., )<br>Deceased; MARILYN WILLIAMS; COMMONWEALTH EDISON )<br>COMPANY; MIDLAND FUNDING, LLC; and WILLIAM )<br>BUTCHER, as Special Representative of Walker Williams Sr., )<br>Deceased, )<br><br>    Defendants-Appellees. | Appeal from<br>the Circuit Court<br>of Cook County.<br><br>2018-CH-004482<br><br>Honorable<br>Patricia S. Spratt,<br>Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion.

## OPINION

¶ 1    In this interlocutory appeal, American Advisors Group (AAG), a mortgage lender,

challenges the entry of summary judgment on two of the four foreclosure counts that it filed against

the Estate of Walker Williams Sr., Deceased (Williams), and the potential claimants to Williams's

Chicago residential property. Williams, who died in 2017 at the age of 82, is the record owner of

Chicago real property located in the 4800 block of West Huron Street. At AAG's request, the

circuit court included language allowing an interlocutory appeal pursuant to Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). AAG now argues that it was reversible error for the circuit court to decide a material issue of fact in a summary judgment proceeding and to grant, *sua sponte*, summary judgment to a defendant who had not sought summary judgment. Williams's daughter, Marilyn Williams, in her capacity as the independent administrator of her father's estate and as an individual defendant, responds that the undisputed facts support the ruling.

¶ 2　　She also contends that AAG has appealed from a nonfinal order and that the inclusion of Rule 304(a) language did not change the nature of that order. She made this same argument earlier, in a motion to dismiss for lack of jurisdiction that was denied by another panel of this court. That ruling was nonbinding and subject to reconsideration. *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 705, 869 N.E.2d 1089, 1090 (2007) (the denial of a motion to dismiss an appeal during briefing is not final and may be reconsidered); *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 348, 908 N.E.2d 1056, 1061 (2009) (a motion panel's denial of a motion to dismiss before briefing and argument is not final and may be revised at any time before disposition). Even if she had not renewed the argument in her appellate response brief, we have a duty to consider our jurisdiction. *Waddick*, 373 Ill. App. 3d at 705; *Gagliardo*, 391 Ill. App. 3d at 348. Accordingly, before considering the merits of AAG's appeal, we will address our jurisdiction.

¶ 3　　The pleading at issue is AAG's third amended complaint. Count I is a foreclosure claim based on a written reverse mortgage for $189,000 that Williams executed in 2014, upon which $97,381 is alleged to be due and owing. Copies of a promissory note, reverse mortgage, and assignment that were recorded against the property are attached to the pleading as support for the allegations in count I. In count II, AAG seeks reformation of an error in the legal description of

the recorded mortgage document and to be given "a first priority lien on the real property." Counts I and II are pending in the circuit court.

¶ 4   Count III is pled as an alternative to count I and is an equitable mortgage claim. AAG alleges in count III that it made a $189,000 mortgage loan to Williams in 2014 and that as part of that transaction, he executed the promissory note, reverse mortgage, and assignment documents that were referenced in count I. When AAG made the loan, there were liens on the property but AAG "used the proceeds of the mortgage loan to pay off the liens *** and to pay real estate taxes [that were due and owing], because AAG "intended to occupy and to have a first lien position on the Property." "Having used the proceeds of its mortgage loan to pay off the liens *** and to pay real estate taxes, *** [AAG] stepped into the shoes of [the earlier lien holders]." AAG supports count III with not only the note, mortgage, and assignment of mortgage, but also the "Settlement Statement (HUD-1)" that was prepared for the 2014 loan transaction. The relief AAG seeks in count III is a declaration that it has a valid equitable mortgage lien and is subrogated to priority lien position. In count IV, AAG seeks foreclosure on the equitable mortgage rights alleged in count III. The disposition of counts III and IV are the subject to this appeal.

¶ 5   Marilyn Williams's answer and affirmative defenses includes a statement of facts applicable to all four counts. AAG knew or should have known that the mortgage arrangement it is suing over was fraudulent at its inception because it involved Mark Diamond, a notorious mortgage fraudster in the Chicago area who was involved in dozens, if not hundreds, of deals that AAG funded. Diamond arranged for loans to fund home improvements that he neither intended to complete nor completed, although he or his companies took the bulk of cash proceeds from AAG's loans. Diamond had engaged in mortgage-related fraud for at least 20 years when he pitched

Williams on a supposed free government program that assists seniors with home repair funds. Williams agreed to a repair contract and did not knowingly execute a reverse mortgage with AAG. At closing, AAG advanced $38,700 from Williams' reverse mortgage to Diamond's confederate, Peszko Construction, but that company did not attempt any work or refund the payment. Diamond was the subject of Illinois and federal legal actions in 2002, an attorney general's action in 2009, and was also sued by various homeowners. AAG was drawn into some suits by subpoenas or it was named as a defendant, and, therefore, AAG had actual or constructive knowledge that fraud was occurring in 2014 when it issued the reverse mortgage. In 2016 (as part of the Illinois attorney general's 2009 action), Diamond was permanently enjoined from engaging in any business related to mortgage brokering, lending, or home improvement. Williams was one of the homeowners who testified in that Illinois case. The court also voided Diamond's repair contracts with 53 homeowners and ordered him to pay those individuals a total of $2.4 million restitution, including $38,700 to Williams. Diamond has not complied. Marilyn Williams further alleged that when she filed the answer and affirmative defenses in 2020, Diamond had been indicted by a federal grand jury and awaits criminal prosecution. She denied all of the material allegations in AAG's four-count pleading, contended that AAG should not be permitted to profit from Diamond's fraud by foreclosing on the property, and sought dismissal of AAG's complaint in its entirety.

¶ 6    AAG denied Marilyn Williams' allegations.

¶ 7    AAG moved for summary judgment as to counts III and IV only, on the grounds that it was undisputed that AAG used some of its reverse mortgage proceeds to pay taxes and prior liens on the Williams property and that AAG had not been repaid. AAG argued that it "involuntarily" paid the prior liens on the property; that when a lienholder pays prior liens, the lienholder is equitably

subrogated into superior lien position; and that an unjust windfall would occur if the property's titleholder were able to avoid AAG's lien. Marilyn Williams responded that AAG was not entitled to an equitable lien because the loan that paid off the prior liens was fraudulent and therefore void, her father never agreed to a reverse mortgage, and her father was unaware that AAG was paying any liens. She also argued that AAG knew of the fraud when it was occurring, and that the overwhelming evidence of fraud made it inequitable to grant AAG any lien whatsoever. The circuit court denied AAG's motion for summary judgment, finding that AAG "did not involuntarily pay the debt of another (namely, Walker Williams)" and that its "Motion (to establish and enforce an equitable lien) is denied with prejudice."

¶ 8     AAG next filed a motion to reconsider, focusing on whether Diamond's fraud should affect AAG's claims. AAG argued that the court had improperly relied on the ruling in the Illinois attorney general's action to which AAG was not a party. AAG also contended that its summary judgment motion effectively sidestepped the affirmative defense of fraud and made the relevant inquiries (1) whether AAG had been compelled to make the payment to protect its interest in the property and (2) whether Williams enjoyed a benefit of the payoff. AAG also argued that by denying it summary judgment, and by doing so "with prejudice," the circuit court had precluded a trial and essentially granted summary judgment to Marilyn Williams. Marilyn Williams responded in part that it was not error to consider that the underlying home repair contract had been declared void in the attorney general's action against Diamond and his companies. AAG was claiming an equitable lien based on having made payments with proceeds of the same loan. Also, no "unjust enrichment" of a fraud victim could result from AAG's use of the loan proceeds, and equity supported a determination that AAG absorb any loss that resulted from its participation in the

fraudulent scheme. On reconsideration, the circuit court stated, "there's no way *** [AAG] did not know about Mr. Diamond's schemes inasmuch as they've been working together for a very long time to secure these contracts, which are not home improvement contracts." The court looked at notations in the loan settlement statement, which indicated that AAG had to pay off the liens prior to closing, and found that AAG's motivation for the payments was to complete the transaction and profit from the loan, not to achieve first priority to other lien holders. Knowing Diamond's history and participating in the fraudulent scheme meant that equity fell on Williams's side of the equitable lien claim, not AAG's side. The court denied AAG's motion for reconsideration and entered summary judgment in favor of Marilyn Williams "with prejudice." AAG's attorney said, "I get the impression that you wouldn't enforce our mortgage" and proposed that the appellate court review the ruling before the parties addressed counts I and II. The circuit court granted AAG's request for a Rule 304(a) finding. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). This appeal followed.

¶ 9    This brings us to Marilyn Williams's argument that the appeal should be dismissed for lack of jurisdiction because, despite the inclusion of Rule 304(a) language, the summary judgment order disposing of two of AAG's four counts is not a final and appealable order. She contends all four counts rely on the same operative facts. AAG responds[1] that counts I and II are based on separate and distinct facts from counts III and IV. According to AAG, counts I and II involve the written mortgage attached to the complaint, but counts III and IV concern debts that AAG "involuntarily paid" and equity entitles AAG to step into the shoes of the earlier lien holders. See *Dix Mutual*

_____

[1]AAG did not include this argument in its reply brief, but it did respond to Marilyn Williams' earlier motion to dismiss the appeal.

*Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 319, 597 N.E.2d 622, 624 (1992). Whether through a written mortgage or an equitable mortgage, AAG seeks a judgment of foreclosure and sale against the Williams residence.

¶ 10 Generally, we have jurisdiction to hear appeals from final orders that dispose of every claim, which means any right, liability, or matter that has been raised in an action. *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 19, 8 N.E.3d 462; *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 20 (an appellate court does not have jurisdiction to review judgments, orders, or decrees that are not final, except as provided by supreme court rule). Rule 304(a) provides an exception under which

> "[i]f *** multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

Thus, to qualify for interlocutory appeal under Rule 304(a), an order must be final and there must be no just reason for delaying its appeal. *Lyons & Pinner*, 2014 IL App (2d) 130577, ¶ 20. A circuit court's decision to grant Rule 304(a) language is reviewed for an abuse of discretion, and an abuse of discretion occurs when the court's decision is arbitrary or no reasonable person would take the same view. *Lyons & Pinner*, 2014 IL App (2d) 130577, ¶ 24.

¶ 11 "For a judgment to be final, it must provide for the ultimate disposition of an individual claim entered in the course of an action involving multiple claims." (Internal quotation marks omitted.) *Lyons & Pinner*, 2014 IL App (2d) 130577, ¶ 21. When an order disposes of only certain issues relating to the same basic claim, the order is not subject to review under Rule 304(a). *In re*

*Marriage of Leopando*, 96 Ill. 2d 114, 120, 449 N.E.2d 137, 140 (1983).

¶ 12    When determining, in its discretion, whether a claim is separate for the purposes of finding a final and appealable judgment, the circuit court may consider " ' 'whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once." ' " *In re Estate of Stark*, 374 Ill. App. 3d 516, 523, 872 N.E.2d 1011, 1017 (2007) (quoting *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1367-68 (7th Cir. 1990), quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).

¶ 13    AAG contends that the ruling is final because it fully disposes of counts III and IV. AAG points out that the circuit court made certain remarks during the reconsideration hearing and included the phrase "with prejudice" in the written order, as indications that the ruling was intended to be a final determination.

¶ 14    When determining whether there is any just reason for delaying appeal, a circuit court may consider

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made [appealable]; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." (Internal quotation marks omitted.) *Lyons & Pinner*, 2014 IL App (2d) 130577, ¶ 22.

Not every factor is relevant in every case. *Lyons & Pinner*, 2014 IL App (2d) 130577, ¶ 22.

" 'Where the dismissed claims "can be decided independently of each other," that is, they are not "so inherently inseparable from, or closely related to" the remaining claims, then the trial court does not abuse its discretion in certifying that there exists no just reason for delay of the appeal.' [Citation.] However, significant factual overlap between the decided and the retained claims means that they are not separate, and an appeal must be deferred until the latter are resolved. [Citation.]" *Lyons & Pinner*, 2014 IL App (2d) 130577, ¶ 23.

¶ 15    AAG contends that the adjudicated and unadjudicated claims are factually unrelated. AAG also contends that because it is arguing there was a procedural error entering summary judgment *sua sponte*, this court will not need to relearn any facts in a subsequent appeal. Marilyn Williams argues that all four counts do concern the same facts because they concern the same loan and are subject to the same affirmative defense of fraud. She contends that if this court addresses the merits of this appeal, it will speak on those facts regardless of how it rules, and that statement will compromise the circuit court's role as primary fact finder on the still pending counts. We agree with Marilyn Williams.

¶ 16    Therefore, we dismiss the appeal because AAG's claims of a written mortgage lien and equitable mortgage lien are premised on the same allegations that a (valid) written mortgage relationship was created between AAG and Williams. The single group of facts common to both claims is that Williams entered into a $189,000 reverse mortgage with AAG and some of the loan proceeds were used to pay debts associated with the property. In count I, AAG alleges that the reverse mortgage transaction has resulted in a debt to AAG which is in default. AAG seeks to directly enforce its written arrangement. In count III, AAG indicates that the written loan documents and AAG's "use[ ] [of] the proceeds of its mortgage loan to pay off the [prior] liens"

are the factual underpinning of its equitable lien rights. AAG claims that the reverse mortgage transaction resulted in its payment of preexisting debts which entitles it to the first lien position on the mortgaged property. Both the written and equitable claims are based on the same transaction in 2014. In both claims, AAG relies on the promissory note, mortgage, and assignment of mortgage that are attached to its pleading, and AAG clearly manifests an intent to incorporate those documents into the claims. See *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 432, 804 N.E.2d 519, 531 (2004) (a document attached to a pleading will be treated as part of the pleading, not simply evidence, if the pleading specifically incorporates it by reference). In addition, Marilyn Williams' defense to both claims is essentially singular: that AAG actually knew or constructively knew that the loan transaction was fraudulent. Because the claim at issue in this appeal is based on the same operative facts as the claim that remains pending in the circuit court, the summary judgment ruling is not final and appealable, regardless of the 304(a) language that was added at AAG's request. *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 14, 129 N.E.3d 718 (inclusion of Rule 304(a) language in a nonfinal order does not convert it into an order that is final and appealable); *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 23, 31 N.E.3d 795.

¶ 17    Where a resolved count "seeks relief based on the same operative facts as those forming the basis for a surviving count," courts have found the resolution to be nonfinal, as "[p]ermitting a separate appeal in such a case would require the appellate court to relearn, inefficiently, the same set of facts when the case returns for a second appeal following final judgment on all of the claims." *Davis v. Loftus*, 334 Ill. App. 3d 761, 767, 778 N.E.2d 1144, 1149 (2002); *Metzger v. Fitzsimmons*, 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179, 1180 (1988) (court lacked jurisdiction to entertain

appeal of counts stricken with prejudice that were based on same allegations and issues contained in still pending count). See *Leopando*, 96 Ill. 2d at 120 (an order disposing of only certain issues relating to the same basic claim is not reviewable under Rule 304(a)). A separate appeal in this instance would be precisely the piecemeal approach that Rule 304(a) was intended to discourage. See *Leopando*, 96 Ill. 2d at 120. Furthermore, addressing the merits of the appeal would require that we "address facts still at issue in the claims remaining before the trial court, compromising the trial court's position as the primary fact finder." *Davis*, 334 Ill. App. 3d at 767; *Metzger*, 175 Ill. App. 3d at 675. This is the same inefficiency that caused the courts in *Davis* and *Metzger* to determine that dismissal, even with prejudice, of one or more counts of a multicount complaint was not sufficiently final to confer appellate jurisdiction. Because of the relationship between the adjudicated claim and the unadjudicated claim, and the possibility that this reviewing court might be asked to consider the same issue in a second appeal, there is just reason to delay appeal. Accordingly, we dismiss the appeal.

¶ 18    Appeal dismissed.

1-21-0734

---

**No. 1-21-0734**

---

| | |
|---|---|
| **Cite as:** | *American Advisors Group v. Unknown Heirs & Devisees of Walker Williams Sr.*, 2022 IL App (1st) 210734 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2018-CH-004482; the Hon. Patricia S. Spratt, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Amy E. Daleo, of Cohon Raizes & Regal LLP, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Daniel P. Lindsey and Miriam Hallbauer, of Legal Aid Chicago, of Chicago, for appellee Marilyn Williams. |

---