2025 IL App (1st) 232469

No. 1-23-2469

Opinion filed June 3, 2025

Second Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ELAINE HOBSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 10854 |
| | ) | |
| ALEXIAN BROTHERS—AHS MIDWEST REGION | ) | Honorable |
| HEALTH COMPANY; AMITA HEALTH ST. ALEXIUS | ) | John A. Simon and |
| MEDICAL CENTER; MIDWEST EMERGENCY | ) | Kathy M. Flanagan, |
| ASSOCIATES, LTD.; MIDWEST EMERGENCY | ) | Judges, presiding. |
| ASSOCIATES, LLC; DAVID GOLDSMITH, M.D.; | ) | |
| INPATIENT CONSULTANTS OF ILLINOIS, P.C.; | ) | |
| DAPENG WEI, M.D.; ALEKSANDRA POPOVIC, M.D.; | ) | |
| MYRA VICENIO, M.D.; NORTHWEST NEUROLOGY, | ) | |
| LTD.; JORDAN SAMUELS, M.D.; ANDREW | ) | |
| GROVER, P.A; TEAM HEALTH HOLDINGS, INC.; | ) | |
| IPC HEALTHCARE, INC.; TEAM HEALTH, INC.; | ) | |
| MEDICAL CENTER ANESTHESIA, LTD.; and | ) | |
| JEFFREY JAGMIN, M.D. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (AMITA Health St. Alexius Medical Center, Defendant- | ) | |
| Appellee). | ) | |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justices McBride and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff Elaine Hobson appeals from the circuit court's grant of partial summary judgment in favor of defendant AMITA Health St. Alexius Medical Center (the hospital) on apparent agency as to seven medical professionals who treated plaintiff at the hospital in the fall of 2015. The court entered a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), which purported to make the partial summary judgment ruling appealable. The hospital maintains that we lack jurisdiction over this appeal because the partial summary judgment ruling was not a final order. We agree and dismiss this appeal.

¶ 2                                    I. BACKGROUND

¶ 3                                    A. Complaint

¶ 4     Plaintiff went to the hospital's emergency room on October 29, 30, and 31, 2015, complaining of severe back pain. She was admitted to the hospital on October 31, 2015. On November 6, 2015, medical staff discovered an epidural abscess in plaintiff's thoracic spine, which was removed surgically. However, plaintiff is now paralyzed below the waist due to pressure the abscess placed on her spinal cord before it was removed.

¶ 5     Count II of plaintiff's fifth amended complaint is at issue in this appeal. Count II alleges medical negligence against the hospital "through its agents, employees, and/or apparent agents, medical providers, physicians, nurses, physician assistants, and therapists." Count II identifies at least 30 individuals who provided medical care for plaintiff between October 31 and November 6, 2015. The parties agree that seven of those individuals were not employees or actual agents of the

hospital: Dr. David Goldsmith, Dr. Jeffrey Jagmin, Dr. Aleksandra Popovic, Dr. Jordan Samuels, Dr. Myra Vicenio, Dr. Dapeng Wei, and physician assistant Andrew Grover. As to the other individuals, plaintiff alleges that they were the hospital's agents, employees, or apparent agents. The parties agree that at least some of those care providers, primarily plaintiff's nurses, were hospital employees.

¶ 6                                  B. Summary Judgment

¶ 7     The hospital moved for summary judgment on apparent agency as to the seven nonemployee treaters named above. The hospital argued there was no dispute that each time plaintiff presented to the hospital, she signed consent forms stating that her physicians were not employees, agents, or apparent agents of the hospital; rather, they were independent practitioners. The hospital contended that plaintiff could not establish apparent agency under *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511 (1993), which is our supreme court's primary case governing apparent agency in the medical negligence context.

¶ 8     In response, plaintiff argued that genuine issues of material fact precluded summary judgment on apparent agency. Specifically, she contended that (1) the consent forms she signed did not clearly inform her that her physicians were independent contractors, (2) advertisements held the physicians out as hospital employees, and (3) she relied on the hospital to provide complete medical care.

¶ 9     The circuit court granted the hospital's motion for summary judgment on apparent agency. The court reasoned that there was no dispute plaintiff signed six consent forms stating that her treating physicians were not employees or agents of the hospital. The court highlighted the consent forms' disclosure that "all physicians" were independent practitioners and concluded that language

defeated plaintiff's apparent agency theory. The court rejected plaintiff's arguments that the consent forms were ambiguous and that her severe back pain rendered her unable to understand the consent forms. The court also stated that "[p]laintiff's claims against [the hospital] for the alleged negligence of its employee nurses will go to trial."

¶ 10                                    C. Rule 304(a) Proceedings

¶ 11    Plaintiff filed a motion to make the partial summary judgment ruling appealable pursuant to Rule 304(a). She argued that the partial summary judgment ruling was a final order because apparent agency is a "distinct cause of action" that requires "its own distinct proofs."

¶ 12    At a hearing on the motion, the court explained that Rule 304(a) allows an appeal from "a final judgment as to one or more but fewer than all the parties or claims." The court reasoned that the grant of partial summary judgment was not final as to the hospital as a party or as to count II as a claim because the hospital remained a trial defendant on count II for the alleged medical negligence of its employee nurses. The court denied plaintiff's motion for a Rule 304(a) finding.

¶ 13    Plaintiff filed a motion to reconsider, which conceded that "the hospital remain[ed] a defendant for allegations of nursing negligence of its direct employees." However, plaintiff cited *Stelzer v. Northwest Community Hospital*, 2023 IL App (1st) 220557-U, as an example of an appeal pursuant to Rule 304(a) even when "the hospital remained a party under alternative theories of negligence after summary judgment was granted on the issue of apparent agency." In response, the hospital argued that the partial summary judgment ruling was not a final order for purposes of Rule 304(a) because apparent agency is not an independent cause of action, citing *Wilson v. Edward Hospital*, 2012 IL 112898.

¶ 14    The court denied plaintiff's motion to reconsider. It rejected plaintiff's reliance on *Stelzer* because that case did not discuss finality under Rule 304(a). The court cited *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 27, for the proposition that when an "order disposes only of certain issues relating to the same basic claim, such a ruling is not subject to review under Rule 304(a)." Applying that proposition to this case, the court explained that plaintiff's basic claim was medical negligence against the hospital. The partial summary judgment ruling did not resolve that claim; it resolved only the apparent agency theory of liability for that claim. The claim itself remained pending against the hospital for the negligence of employee nurses.

¶ 15    Plaintiff filed a second motion to reconsider, which cited *Terry v. OSF Healthcare Systems*, 2018 IL App (3d) 160143-U, as a case in which "the [a]ppellate [c]ourt heard the appeal of an [o]rder granting summary judgment on apparent agency, while direct negligence claims against the hospital remained, and held that jurisdiction was proper under [Rule] 304(a)." In the alternative, plaintiff "moved to voluntarily dismiss her remaining direct liability claims against [the hospital], thereby dismissing it as a party, pursuant to 735 ILCS 5/2-1009, without prejudice."

¶ 16    At a hearing on the second motion to reconsider, the court explained that it could not consider *Terry* because it was an unpublished decision issued prior to 2021. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). The court reiterated its conclusion that the partial summary judgment ruling was not a final order because it did not resolve a claim against the hospital, it only held that the hospital was not vicariously liable for the negligence of certain individuals on a theory of apparent agency. The court denied the second motion to reconsider. Its written order reflects that plaintiff withdrew "her motion to voluntarily dismiss her direct liability [claims] against [the hospital]."

¶ 17    The case was then transferred to the judge hearing the trial assignment call. Plaintiff filed a motion seeking a Rule 304(a) finding as to the motion judge's partial summary judgment ruling. That motion set out the procedural history of the Rule 304(a) issue and restated plaintiff's previous arguments. The hospital's response argued that the motion judge correctly found that the grant of partial summary judgment on apparent agency was not a final order. The hospital contended that the partial summary judgment ruling did not resolve plaintiff's medical negligence claim in count II. It only disposed of plaintiff's theory of apparent agency and the hospital remained a defendant on plaintiff's theory of actual agency for the employee nurses.

¶ 18    The judge hearing the assignment call granted plaintiff's motion and found that "there is no just reason to delay enforcement or appeal or both of the 11/8/23 Order entered by Judge John A. Simon granting Defendant St. Alexius Medical Center's Motion for Partial Summary Judgment as to the issue of apparent agency."

¶ 19    Plaintiff timely appealed.

¶ 20                                    II. ANALYSIS

¶ 21    Relevant here, the hospital argues that we do not have jurisdiction over this appeal because the circuit court's grant of partial summary judgment on apparent agency was not a final order. Rule 304(a) provides that

> "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may
> be taken from a final judgment as to one or more but fewer than all of the parties or claims
> only if the trial court has made an express written finding that there is no just reason for
> delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 22    "Rule 304(a) applies only to final judgments or orders. The special finding contemplated by the rule will make a final order appealable, but it can have no effect on a nonfinal order." *Blumenthal*, 2016 IL 118781, ¶ 24. "If the order is in fact not final, inclusion of the special finding in the trial court's order cannot confer appellate jurisdiction." *Id.* "For a judgment to be final, it must provide for the ultimate disposition of an individual claim entered in the course of an action involving multiple claims." (Internal quotation marks omitted.) *American Advisors Group v. Unknown Heirs & Devisees of Williams*, 2022 IL App (1st) 210734, ¶ 11. "When an order disposes of only certain issues relating to the same basic claim, the order is not subject to review under Rule 304(a)." *Id.* (citing *In re Marriage of Leopando*, 96 Ill. 2d 114, 120 (1983)). We review a circuit court's decision to grant a Rule 304(a) finding for an abuse of discretion, and an abuse of discretion occurs when the court's decision is arbitrary or where no reasonable person would take the same view as the court. *Id.* ¶ 10.

¶ 23    Plaintiff has one claim against the hospital for medical negligence, which is count II of her fifth amended complaint. Count II pleads two theories of vicarious liability for medical negligence: apparent agency and actual agency. Apparent agency and actual agency are not independent causes of action. *Wilson*, 2012 IL 112898, ¶¶ 24-25. Rather, they are theories of liability for the claim of medical negligence. *Id.* ¶¶ 25-26.

¶ 24    The circuit court's partial summary judgment ruling means that plaintiff cannot hold the hospital vicariously liable for medical negligence on a theory of apparent agency. Apparent agency applies only to treaters who were not actual agents or employees of the hospital: Drs. Goldsmith, Jagmin, Popovic, Samuels, Vicenio, and Wei, and physician assistant Grover.

¶ 25 Plaintiff can still hold the hospital vicariously liable for medical negligence on a theory of actual agency, also known as *respondeat superior*. See *id.* ¶ 18. Count II identifies individuals who allegedly provided negligent care to plaintiff and who the parties agree were hospital employees. At trial, plaintiff may be able to hold the hospital vicariously liable for the medical negligence of its employees.

¶ 26 Therefore, the summary judgment ruling does not remove the hospital as a defendant, nor does it remove count II as a claim. The ruling merely eliminates one theory of liability on one count against one defendant. But another theory of liability—actual agency—remains pending on the same count against the same defendant. Accordingly, the grant of partial summary judgment on apparent agency is not a final order. See *id.* ¶ 20 ("Rule 304(a) was not intended to permit appeals from nonfinal orders that dispose of less than all the issues in an action involving a single party and a single claim." (citing *Hull v. City of Chicago*, 165 Ill. App. 3d 732, 733-34 (1987))).

¶ 27 Plaintiff contends that she did not plead "one undifferentiated single 'negligence claim' against [the hospital]." In fact, that is exactly what plaintiff did. Plaintiff's fifth amended complaint pleads one count of medical negligence against the hospital: count II. Count II includes multiple theories of vicarious liability based on the actions of multiple individuals, but it is ultimately one cause of action for negligence against one defendant, the hospital.

¶ 28 If plaintiff's theories of vicarious liability were separate causes of action, she would have pled them as separate counts. See 735 ILCS 5/2-603(b) (West 2022) ("Each separate cause of action upon which a separate recovery might be had shall be stated in a separate count or counterclaim ***."). To be clear, we do not suggest that pleading apparent agency and actual agency as separate counts transforms them into standalone causes of action. Our supreme court

has held that they are not. *Wilson*, 2012 IL 112898, ¶ 24. We are illustrating how plaintiff's own complaint undercuts her argument that she intended for apparent agency and actual agency to be independent claims.

¶ 29    Plaintiff also argues that *Wilson* does not apply because it analyzed finality in the context of *res judicata* as opposed to Rule 304(a). However, two cases on which *Wilson* relied did analyze finality under Rule 304(a): *Hull*, 165 Ill. App. 3d at 733-34, and *Rice v. Burnley*, 230 Ill. App. 3d 987, 990-93 (1992). *Wilson*'s reliance on these cases suggests that there is no meaningful difference between what constitutes a final order for purposes of Rule 304(a) and *res judiciata*. We cannot see any functional difference between the two and plaintiff identifies none.

¶ 30    Furthermore, the central issue of *Wilson* is analogous to this case. In *Wilson*, our supreme court considered "whether the order finding that the doctors were not the hospital's actual agents disposed of the rights of the parties on a separate branch of the controversy." *Wilson*, 2012 IL 112898, ¶ 19. The supreme court found that it did not. *Id.* Here, the issue is whether the circuit court's finding that the doctors were not the hospital's apparent agents disposed of the rights of the parties on a "separate branch" of the controversy. We reach the same conclusion as our supreme court: it did not. The following reasoning from *Wilson* describes the case at bar if one swaps the terms "apparent agency" and "actual agency":

> "The trial court's grant of partial summary judgment on actual agency merely removed some of the allegations against the hospital from the case. Allegations of agency remain in the case. Plaintiffs still may be able to prove the hospital liable for negligence based upon their remaining allegations of apparent agency. The trial court's grant of partial summary

judgment did not dispose of the rights of the parties on a separate branch of the controversy. Therefore, the order was not final." *Id.* ¶ 26.

¶ 31   We acknowledge that *Heinrich v. Peabody International Corp.*, 99 Ill. 2d 344, 348 (1984), stated that an order is final if it disposes of one theory of recovery that requires proof of different elements than another theory of recovery. If *Wilson* did not exist, *Heinrich* might mean that apparent agency and actual agency are separate claims for purposes of Rule 304(a) because they require proof of different elements. See *Gilbert*, 156 Ill. 2d at 525 (elements of apparent agency); *Oliveira-Brooks v. Re/Max International, Inc.*, 372 Ill. App. 3d 127, 134 (2007) (elements of actual agency). However, *Wilson* recognized that apparent and actual agency have different elements and still rejected the "argument that actual agency and apparent agency are separate and distinct, stand-alone legal theories of recovery, thus each constituting a separate cause of action." (Internal quotation marks omitted.) *Wilson*, 2012 IL 112898, ¶¶ 18, 25.

¶ 32   We also acknowledge that this court has considered appeals pursuant to Rule 304(a) in which the circuit court entered partial summary judgment on one theory of agency. See, *e.g.*, *Brayboy v. Advocate Health & Hospital Corp.*, 2024 IL App (1st) 221846, ¶ 3; *Lamb-Rosenfeldt v. Burke Medical Group, Ltd.*, 2012 IL App (1st) 101558, ¶ 17. But those cases involved allegations of medical negligence against *one* physician and vicarious liability for that one physician against the hospital. *Brayboy*, 2024 IL App (1st) 221846, ¶ 2; *Lamb-Rosenfeldt*, 2012 IL App (1st) 221846, ¶ 8. In those cases, when the circuit court granted summary judgment for the hospital on agency, there was no remaining theory by which the plaintiff could hold the hospital vicariously liable. That is not like this case, in which plaintiff can still hold the hospital vicariously liable for medical negligence even after the grant of partial summary judgment on apparent agency.

¶ 33    We hold that the circuit court's grant of partial summary judgment on apparent agency was not a final order because it did not completely resolve the hospital's vicarious liability for medical negligence or plaintiff's claim of medical negligence. That is, the summary judgment ruling did not dispose of a claim or a party. Accordingly, the Rule 304(a) finding was improper, and we lack jurisdiction over this appeal. See *Blumenthal*, 2016 IL 118781, ¶ 24.

¶ 34                                      III. CONCLUSION

¶ 35    For the foregoing reasons, we dismiss this appeal.

¶ 36    Appeal dismissed.

*Hobson v. Alexian Brothers—AHS Midwest Region Health Co.*, **2025 IL App (1st) 232469**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-L-10854; the Hon. John A. Simon and the Hon. Kathy M. Flanagan, Judge, presiding. |
| **Attorneys for Appellant:** | Larry R. Rogers Jr. and Kathryn L. Conway, of Power Rogers, LLP, of Chicago, and Michael T. Reagan, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | David C. Hall, Hugh C. Griffin, Sapna G. Lalmalani, and Samuel C. Schwab, of Hall Prangle LLC, of Chicago, for appellee. |