2025 IL App (1st) 242078-U

No. 1-24-2078

Order filed June 30, 2025.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JAMES SCULLY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 11440 |
| | ) | |
| ALTATHERA PHARMACEUTICALS LLC, | ) | The Honorable |
| | ) | Catherine A. Schneider, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Appeal dismissed for lack of jurisdiction where the circuit court's dismissal of two counts in plaintiff's second amended complaint did not constitute a final judgment.

¶ 2   Plaintiff James Scully filed suit against defendant AltaThera, setting forth a number of counts seeking relief for violations under the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 et seq. (West 2022)), breach of contract, and *quantum meruit*. The circuit court eventually dismissed the Wage Act and breach of contract counts with prejudice, but allowed

Scully to proceed on the *quantum meruit* counts. Scully filed an amended complaint only alleging the *quantum meruit* counts and later sought a finding, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), that the dismissal of the Wage Act and breach of contract counts was a final, appealable judgment. The court granted Scully's request, and he appealed.

¶ 3    AltaThera now asserts the lower court's Rule 304(a) finding was improper because the dismissal of Scully's Wage Act and breach of contract counts was not a final judgment, since those counts contained the same operative facts as Scully's *quantum meruit* counts that are still pending in the court below. We agree. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 4                                    I. BACKGROUND

¶ 5    On December 27, 2024, Scully filed a complaint alleging that AtlaThera failed to fully compensate him for work performed from December 1, 2018, through October 10, 2021, when he worked as AltaThera's full-time Chief Financial Officer (CFO), a fact that AtlaThera later denied in its answer. AltaThera successfully moved to dismiss the complaint pursuant to section 2-615 of the Code. The court dismissed the complaint without prejudice and granted Scully leave to amend his pleadings. Scully filed a first amended complaint, but then moved for leave to file a second amended complaint, which the court allowed.

¶ 6    Scully's second amended complaint set forth five counts, all seeking compensation for his alleged work as AltaThera's CFO: (1) compensation owed under the Wage Act; (2) breach of contract; (3) *quantum meruit* relief for compensation excluding equity; (4) *quantum meruit* relief for an equity stake; and (5) reimbursement for the employer share of payroll taxes paid by Scully.

¶ 7       Scully alleged that he worked as AltaThera's full-time CFO from about December 1, 2018, to October 10, 2021. He worked for "at least" 40 hours a week and "usually" more than 40 hours. In early January 2019, he and AltaThera's Chief Executive Officer entered into a verbal agreement regarding compensation by AltaThera for Scully's work, effective as of December 1, 2018. Their agreement called for Scully to bill AltaThera for 32 hours of work a week in exchange for $25,000 a month, which equated to an hourly rate of about $180. Scully alleged that "[t]his verbal agreement did not address the situation where [he] worked more than 32 hours per week." Nonetheless, according to Scully, AltaThera knowingly allowed him to work 40 or more hours a week and "accepted all of the work Scully performed." From September 2019 through February 2021, AltaThera allegedly initiated an "austerity program" whereby it paid Scully for less than 32 hours a week, regardless of how many hours Scully worked. Scully also claimed that, from March 2021 through October 2021, AltaThera paid him a temporary rate of $18,750 a month while negotiating an employment contract with him. Scully alleged that he resigned from his position as "full-time CFO of AltaThera," effective October 11, 2021.

¶ 8       In his Wage Act count, Scully alleged that, as an "employee" of AltaThera under the Wage Act, he was owed $327,047.69 in wages for the unpaid work he performed from December 2018 through October 10, 2021, *i.e.*, the hours of work exceeding 32 hours a week. He also alleged he was entitled to compensation for the reductions in pay AltaThera made during the alleged "austerity program" and employment contract negotiations. In his breach of contract count, Scully alleged that he and AltaThera entered into a contract, which AltaThera breached by not paying him the agreed hourly rate of $180.29 for each hour he worked.

¶ 9    AltaThera moved to dismiss Scully's second amended complaint pursuant to section 2-615 of the Code. On December 8, 2023, after briefing on the motion, the circuit court granted AltaThera's dismissal motion. The court dismissed with prejudice Scully's Wage Act, breach of contract, and tax counts. It found in part that Scully failed to allege that AltaThera agreed to pay him for more than 32 hours of work a week. The court also dismissed Scully's two *quantum meruit* counts without prejudice, allowing Scully leave to amend them.

¶ 10    On January 8, 2024, Scully moved to reconsider the court's dismissal. On May 2, 2024, the court denied the motion as to Scully's Wage Act, breach of contract, and tax counts, but granted the motion as to his *quantum meruit* counts.

¶ 11    On May 9, 2024, Scully filed a third amended complaint, restating his two *quantum meruit* counts but omitting all other counts alleged in the second amended complaint. He again stated the facts in his second amended complaint regarding his work provided as a "full-time CFO" for AltaThera from December 1, 2018, through October 10, 2021. For his first *quantum meruit* count, Scully alleged he was entitled to compensation for "non-gratuitously performed services" as CFO to AltaThera's benefit, which AltaThera accepted. He sought $326,952 in damages, calculated by multiplying a $180 hourly rate by the amount of hours worked without compensation. For his second *quantum meruit* count, Scully alleged that he was also entitled to $406,233, the alleged fair cash value of an equity stake in AltaThera that he claimed was owed to him.

¶ 12    On May 31, 2024, while Scully's third amended complaint was pending, Scully filed a notice of appeal. We dismissed the appeal for lack of jurisdiction. *Scully v. AltaThera Pharmaceuticals*, No. 1-24-1182 (Aug. 9, 2024) (dispositional order dismissing the appeal for lack

of this court's jurisdiction). In the meantime, AltaThera had filed an answer to Scully's third amended complaint.

¶ 13    On July 30, 2024, Scully moved for a Rule 304(a) finding there was no just reason for delaying either enforcement or appeal or both of the circuit court's dismissal of his second amended complaint's Wage Act and breach of contract counts. AltaThera filed a response, arguing that the court's dismissal wasn't a final judgment as to a definite and separate part of litigation, as the dismissed counts from Scully's second amended complaint shared the same operative facts as the remaining *quantum meruit* counts.

¶ 14    On September 18, 2024, the circuit court granted Scully's request for a Rule 304(a) finding, and he appealed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, Scully raises a number of issues regarding the merits of his Wage Act and breach of contract counts. AltaThera, however, argues that the circuit court's Rule 304(a) finding was improper because the dismissal of the Wage Act and breach of contract counts was not a final, appealable judgment. AltaThera also asserts that Scully forfeited any challenge to the dismissal of those counts by filing his third amended complaint without incorporating or referencing the counts. See *Bonhomme v. St. James*, 2012 IL 112393, ¶ 17 ("[A] party who files an amended pleading waives any objection to the trial court's ruling on the former complaints." (Internal quotation marks omitted.)). Before proceeding to the merits, we must first determine whether we have jurisdiction over this appeal. See *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 29 (reviewing court has a duty to determine its jurisdiction before addressing the merits of the parties' arguments).

¶ 17 Generally, appellate courts have jurisdiction to review only final orders. *Richardson v. DiCiaula*, 2022 IL App (1st) 210513, ¶ 15. "A final judgment fixes absolutely and finally the rights of the parties in the lawsuit; it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Henyard v. Municipal Officers of Village of Dolton*, 2022 IL App (1st) 220898, ¶ 21.

¶ 18 Here, the circuit court entered a Rule 304(a) finding that the dismissal of Scully's Wage Act and breach of contract counts was a final, appealable order. Rule 304(a) states:

"[i]f *** multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the *** claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." *Id.*

The purpose of this rule is to "discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on fewer than all of the matter in controversy." (Internal quotation marks omitted.) *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008). Rule 304(a), however, applies only to final judgments. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24. That is, a special finding under Rule 304(a) cannot confer jurisdiction on a nonfinal order. *Id*. For an order to be final under Rule 304(a), it "must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or *upon some definite and separate part thereof*." *Id.* ¶ 25.

¶ 19 With that in mind, we must determine whether the dismissal of Scully's Wage Act and breach of contract counts constituted a final judgment, given that Scully had two *quantum meruit* counts still pending before the circuit court. The disposition of a count in a complaint is not final,

where the disposed count "seeks relief based on the same operative facts as those forming the basis for a surviving count." *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 17. In those circumstances, "[p]ermitting a separate appeal *** would require the appellate court to relearn, inefficiently, the same set of facts when the case returns for a second appeal following final judgment on all of the claims." *Id.* Further, in permitting a separate appeal, the appellate court would "address facts still at issue in the claims remaining before the trial court, compromising the trial court's position as the primary fact finder." *Davis v. Loftus*, 334 Ill. App. 3d 761, 767 (2002). The question of whether a court has jurisdiction over an appeal in the Rule 304(a) context presents a question of law, which we review *de novo*. See, *e.g.*, *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 20; *In re Marriage of Crecos*, 2021 IL 126192, ¶ 11; *Shelter Mutual Insurance Co. v. Flynn*, 2020 IL App (1st) 191123, ¶ 31.[1]

¶ 20    Here, there is no doubt that Scully's Wage Act and breach of contract counts concerned the same operative facts as the surviving *quantum meruit* counts still pending in the circuit court. Specifically, the dismissed and surviving counts all sought the same relief, *i.e.*, compensation for allegedly unpaid work that Scully performed for AltaThera from December 1, 2018, through October 10, 2021. Each count was also premised on essentially the same central (and disputed) factual allegations, *i.e.*, that Scully worked full-time as a CFO for Alta-Thera, that AltaThera didn't pay him the full value of his services, and that AltaThera was obligated to compensate Scully. In other words, the dismissed and surviving counts all essentially advanced different analytical

---

[1] We note that a number of appellate court cases have applied the abuse of discretion standard applies when reviewing a circuit court's decision to grant Rule 304(a) language. See, *e.g.*, *Hobson v. Alexian Brothers—AHS Midwest Region Health Co.*, 2025 IL App (1st) 232469, ¶ 23; *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 10; *AT&T v. Lyons and Pinner Electric Co., Inc.*, 2014 IL App (2d) 130577, ¶ 24. Regardless of the applicable standard of review, however, our conclusion that we lack jurisdiction would remain the same.

approaches for determining whether Scully was entitled to compensation from AltaThera for the same work performed during the same period of time. See *Blumenthal*, 2016 IL 118781, ¶¶ 25-26 (dismissal of certain counts was not final and appealable under Rule 304(a), where the dismissed and surviving counts all concerned the division of the value of the parties' home and provided different approaches for "determining how the home or its proceeds should be allocated").

¶ 21    Scully argues that the dismissal of his Wage Act and breach of contract counts was final and appealable because it disposed of a definite and separate part of the litigation, namely, Scully's counts based on the existence of an agreement between the parties. He states that his *quantum meruit* claims are separate parts of litigation in that the theory of *quantum meruit* prohibits the existence of an agreement. See *Jameson Real Estate, LLC v. Ahmed*, 2018 IL App (1st) 171534, ¶ 61 (*quantum meruit* "describes a cause of action seeking recovery for the reasonable value of services nongratuitously rendered, but where *no contract exists to dictate payment*" (emphasis added and internal quotation marks omitted)).

¶ 22    Yet as we have stated, regardless of whether a contract existed or not, both the dismissed and pending counts here essentially sought the same relief, *i.e.*, compensation for the value of Scully's alleged services as full-time CFO. Full compensation on the pending *quantum meruit* counts would effectively render any decision on the dismissed Wage Act and breach of contract counts moot, as Scully would have received the relief sought in the dismissed counts. Thus, we cannot possibly find that the dismissal of the Wage Act and breach of contract counts represented a final, appealable order on a definite and separate part of litigation. See *Davis*, 334 Ill. App. 3d at 767-68 (dismissal of breach of contract counts wasn't a final, appealable judgment under Rule 304(a) where there were legal malpractice counts still pending that sought identical relief, so that

"full compensation for the alleged malpractice would render any decision on the contract counts moot").

¶ 23    Moreover, the record before us, in particular AltaThera's responsive pleadings to the third amended complaint, reflects that AltaThera raised an issue that a contract already existed between the parties, so that recovery based on *quantum meruit* wasn't available. See *Hedlund and Hanley, LLC v. Board of Trustees of Community College District No. 508*, 376 Ill. App. 3d 200, 207 (2007) (where a contract exists between the parties, no quasi-contractual claim such as *quantum meruit* can arise). Thus, the existence of a contract could still be a disputed fact in litigating Scully's remaining *quantum meruit* counts. Permitting a separate appeal on Scully's Wage Act and breach of contract counts would risk this court addressing facts "still at issue in the claims remaining before the trial court," thus "compromising the trial court's position as the primary fact finder." *Davis*, 334 Ill. App. 3d at 767.

¶ 24    Because Scully still has counts pending before the circuit court regarding AltaThera's obligation to compensate him for his alleged services as full-time CFO, the dismissal of only some of his counts seeking that relief did not absolutely and finally fix Scully's right to recover from AltaThera for his alleged work. As such, there is no final judgment before us. See *Henyard*, 2022 IL App (1st) 220898, ¶ 21 (final judgment "fixes absolutely and finally the rights of the parties in the lawsuit"). Given that the dismissal of Scully's Wage Act and breach of contract counts was not actually final, the circuit court's Rule 304(a) finding that the dismissal *was* final and appealable cannot confer jurisdiction on this court. See *Blumenthal*, 2016 IL 118781, ¶ 24. We therefore cannot address the merits of Scully's appeal, and we need not address whether Scully properly

preserved the issues for appeal after filing a third amended complaint. See *Richardson*, 2022 IL App (1st) 210513, ¶ 15 (reviewing court only has jurisdiction over final orders).

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 27    Appeal dismissed.