2026 IL App (1st) 250172-U

No. 1-25-0172

Order filed June 3, 2026

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ELIZABETH CANO, JAVIER ESQUIVEL, and ANTONIO CRUZ, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 22 L 11069 |
| SIMON CRUZ and DENISE PERRI, | ) ) | Honorable Scott D. McKenna, |
| Defendants-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Appeal dismissed for lack of jurisdiction where the trial court's order entering judgment on the jury's verdict for conversion and its order finding Simon Cruz liable for breach of fiduciary duty were not final and appealable orders.

¶ 2   This appeal involves a dispute over the ownership of a restaurant. For the reasons that follow, we dismiss for lack of jurisdiction.[1]

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

¶ 3                                    I. BACKGROUND

¶ 4      In 2018, plaintiffs Javier Esquivel, Antonio Cruz, and non-party Abel Amador founded a restaurant, El Nuevo Vallarta Sports Bar & Grill, located in Berwyn, Illinois. They entered into a contract to take over the commercial lease of a former restaurant that occupied the space. The original lease term was five years, commencing February 14, 2018, and ending February 28, 2023.

¶ 5      The new restaurant operated as a corporation licensed in the State of Illinois as El Nuevo Inc. Plaintiff Elizabeth Cano, the wife of Javier Esquivel, filed the articles of incorporation on February 20, 2018, and was listed as the registered agent. The articles authorized the issuance of 10 shares of common stock.

¶ 6      The restaurant officially opened for business in May 2018. At that time, the lease was amended to remove Javier Esquivel, Antonio Cruz, and Abel Amador as tenants, and added Elizabeth Cano as the sole tenant.

¶ 7      Plaintiff Antonio Cruz's brother, defendant Simon Cruz, was hired as a general manager to assist with construction contracts and to negotiate with vendors and suppliers for the newly opened restaurant. He spoke English more fluently than plaintiffs and had prior business experience.

¶ 8      Defendant Denise Perri was also employed at the restaurant as a manager. She had been employed at the location's former restaurant. Her husband was a licensing officer for the City of Berwyn.

¶ 9      About November 2018, Abel Amador left his employment with the restaurant and sold his interest in the business to Javier Esquivel and Antonio Cruz. After Amador's buyout, Javier Esquivel, Antonio Cruz, and Elizabeth Cano became the joint owners and operators of the restaurant.

¶ 10 Later that year, plaintiffs were advised that in order for the restaurant to retain its liquor license, the corporate officers listed on the license would have to be changed. Javier Esquivel asked Elizabeth Cano to sign a document making her president and sole shareholder of the restaurant for purposes of the liquor license.

¶ 11 On March 25, 2019, Elizabeth Cano filed El Nuevo Inc.'s annual report with the Secretary of State, listing herself as president and director. Plaintiffs alleged that on June 14th, Simon Cruz forged Cano's signature on articles of amendment removing Cano as secretary of the corporation and installing himself in that position. The lease was amended on June 20, 2019, to add Simon Cruz as a tenant.

¶ 12 On September 17, 2019, Simon Cruz presented Javier Esquivel and Elizabeth Cano with a document for their signatures. Javier and Cano claim they were led to believe that the document was necessary to prevent the restaurant from losing its liquor license. The document provided that Simon Cruz had been elected president, treasurer, director, and secretary of El Nuevo Inc.; Elizabeth Cano was withdrawn as president, director, and registered agent; her shares of common stock—which represented 100% of the authorized and issued stock—were transferred to Simon Cruz at no cost; and finally, Simon Cruz was authorized to execute contracts, leases, lease extensions, and to apply for licenses necessary for the operation of the business.

¶ 13 Simon Cruz filed the document and an amended annual report with the Secretary of State. The lease was amended, removing Elizabeth Cano as a tenant and replacing her with Simon Cruz as the sole tenant.

¶ 14 Simon Cruz claimed that as president of the corporation, he considered himself an owner of the restaurant when he applied for and obtained liquor licenses for the restaurant and licenses for food, gaming, and use of an outdoor patio.

¶ 15    In December 2019, plaintiffs discovered that restaurant income formerly deposited into a corporate account at Fifth Third Bank was being deposited and/or wired into an account at Harris Bank under the name of Simon Cruz. These deposits and wire transfers eventually totaled approximately $2.3 million. According to plaintiffs, Simon Cruz explained that as president of the corporation, he changed the bank accounts to save costs. Antonio Cruz claimed he accepted his brother's explanation because he trusted him.

¶ 16    On October 24, 2022, Simon Cruz negotiated an extension of the lease term through February 28, 2028. Javier Esquivel and Antonio Cruz claim they discovered the lease had been amended and extended when they attempted to renew the lease in October 2022.

¶ 17    Javier Esquivel claimed that these discoveries caused him to seek legal counsel, who advised him to file a lawsuit. Plaintiffs Javier Esquivel and Elizabeth Cano filed their initial lawsuit against Simon Cruz on December 14, 2022, in the law division of the circuit court. The complaint was amended several times and Antonio Cruz was added as a plaintiff and Denise Perri as a defendant.

¶ 18    The operative fourth amended complaint filed on December 22, 2023, contained six counts. Count I sought a declaratory judgment that plaintiffs were the rightful owners of the restaurant; count II asserted claims against Simon Cruz and Denise Perri for conversion; count III alleged civil conspiracy against defendants; count IV requested an accounting; count V alleged breach of fiduciary duty against Simon Cruz; and count VI alleged interference with contractual relations against defendants. During pretrial motions, the trial court dismissed the count for civil conspiracy, finding that plaintiffs failed to plead facts demonstrating an agreement between Cruz and Perri.

¶ 19    The matter proceeded to trial in September 2024 on the counts for conversion, breach of fiduciary duty, and interference with contractual relations. The conversion claim was tried before

a jury, while the trial court heard the claims for breach of fiduciary duty and interference with contractual relations.

¶ 20    At the trial's conclusion, the jury returned a verdict in favor of plaintiffs, awarding them $2,300,369.74 in compensatory damages and $9.5 million in punitive damages. The trial court entered judgment against Simon Cruz on the jury's verdict but entered a directed verdict in favor of Denise Perri. The court found in favor of Cruz and Perri on the claims for breach of fiduciary duty and interference with contractual relations.

¶ 21    The trial court abstained from exercising its jurisdiction and ruling on the claims for declaratory relief and an accounting. The court stated that these two claims were "uniquely suited to a Court of Equity," thus leaving them pending in the circuit court. Both sides subsequently filed post-trial motions.

¶ 22   Plaintiffs' motion argued that the trial court erred in granting judgment in favor of Simon Cruz on the claim for breach of fiduciary duty. The court agreed and reversed its earlier ruling in favor of Cruz and entered judgment for plaintiffs, awarding them the exact same damages the jury awarded on the conversion claim.

¶ 23    Simon Cruz's post-trial motion sought a directed verdict, or in the alternative a judgment notwithstanding the verdict, or a new trial as to the conversion claim. The trial court denied the motion.

¶ 24    The trial court then made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its judgments. This appeal followed.

¶ 25                                II. ANALYSIS

¶ 26    Simon Cruz argues on appeal, as he argued below, that he was entitled to judgment in his favor on the claims for conversion and breach of fiduciary duty. We do not reach the merits of these arguments, as we lack jurisdiction over this interlocutory appeal. As a reviewing court, we have an independent obligation to consider our jurisdiction and to dismiss an appeal if our jurisdiction is lacking. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36.

¶ 27    In its opinion and order entered upon denial of Simon Cruz's post-trial motion, the trial court made a Rule 304(a) finding with respect to its prior order entering judgment on the jury's verdict for conversion and the claim for breach of fiduciary duty. In a footnote in his opening brief, Simon Cruz questions whether we have jurisdiction under Rule 304(a). He points out that he filed his notice of appeal only to preserve his appellate right.

¶ 28    Rule 304(a) provides in relevant part:

> "If *** multiple claims for relief are involved in an action, an appeal may be taken from a judgment as to one or more but fewer than all of the *** claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 29    The purpose of Rule 304(a) is to discourage piecemeal appeals in the absence of some compelling reason, and to remove the uncertainty as to the appealability of a judgment that was entered on fewer than all matters in controversy. *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 15. However, the fact that an order contains Rule 304(a) language does not make an otherwise nonfinal order appealable. *Enblom v. Milwaukee Golf Development*, 227 Ill. App. 623, 628 (1992). "Instead, 'in determining whether an order is final, one should look to its substance and effect rather than to its form.' " *Navigators Specialty Insurance Co. v. Onni*

*Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 11 (quoting *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 350 (2002)).

¶ 30 Thus, for example, our court has held that if a circuit court includes Rule 304(a) language in an order relating to a claim on appeal—and that claim is based on the same operative facts as a claim currently pending in the circuit court—the inclusion of Rule 304(a) language does not make the order final and appealable. See, *e.g.*, *Illinois State Bar Ass'n Mutual Insurance Co. v. Canulli*, 2019 IL App (1st) 190141, ¶ 17; *American Advisor Group v. Williams*, 2022 IL App (1st) 210734, ¶ 16; *Scully v. Altathera Pharmaceuticals LLC*, 2025 IL App (1st) 242078-U, ¶ 20.

¶ 31 Here, the conversion claim decided by the jury arose from the same set of operative facts at issue in plaintiffs' claim for declaratory relief, which is still pending in the circuit court. In the count for conversion, plaintiffs reallege all of the factual allegations found in their declaratory count. Plaintiffs include additional facts in the conversion count, including that Simon Cruz "wrongfully assumed control, dominion and ownership of the restaurant."

¶ 32 The essential and central allegation in the complaint is that plaintiffs are the rightful owners of El Nuevo Inc. and that Simon Cruz is not. In each count of the complaint, plaintiffs repeat the allegation that because they owned El Nuevo Inc., they were entitled to judgment in their favor. In closing argument, plaintiffs' counsel drove home the point of "ownership" when he argued to the jury that, "[t]his case is about one thing, it's who owned the restaurant." Plaintiffs' claims for conversion and declaratory relief clearly arise out of the same operative facts and both claims revolve around the same central issue: ownership of the restaurant.

¶ 33 "[A]ddressing the merits of the appeal would require that we 'address facts still at issue in claims remaining before the trial court, compromising the trial court's position as the primary fact finder.' " *American Advisor Group*, 2022 IL App (1st) 210734, ¶ 17 (quoting *Davis v. Loftus*, 334

Ill. App. 3d 761, 767 (2002)). This would result in the kind of piecemeal litigation that Rule 304(a) was designed to guard against. See *Fleetwood Development Corp. v. Northbrook Property & Casualty Insurance Co.*, 172 Ill. App. 3d 83, 86 (1988) ("The purpose of Rule 304(a) is to discourage piecemeal appeals and requires the careful exercise of the court's discretion.")

¶ 34    Finally, we find that we lack jurisdiction to review Simon Cruz's argument that the trial court erred in reversing its ruling in his favor on the breach of fiduciary duty claim. This claim, like the claim for conversion, relies on the same operative facts as the pending circuit court claim for declaratory relief.

¶ 35                                     III. CONCLUSION

¶ 36    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 37    Appeal dismissed.